## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEPHAN AGUIAR,

        *Plaintiff*,

    v.

EXECUTIVE OFFICE OF U.S. ATTORNEYS,

        *Defendant*.

Civil Action No. 1:18-cv-02823 (CJN)

## ORDER

The government has moved for summary judgment in this Freedom of Information Act (FOIA) case, *see generally* Def.'s Mot. for Summ. J., ECF No. 14, while Plaintiff Stephan Aguiar, proceeding *pro se*, has filed a Motion to Award Costs, *see generally* Pl.'s Mot. to Award Costs ("Pl.'s Mot."), ECF No. 22.  In his Motion, Aguiar states that he "has decided not to oppose the [government's] Summary Judgment motion."  Pl.'s Mot. at 3.  The government's Motion for Summary Judgment is therefore granted, and for the reasons that follow, Aguiar's Motion to Award Costs is denied.

Aguiar filed this lawsuit seeking documents relevant to several FOIA requests that Aguiar lodged with the Executive Office of U.S. Attorneys (EOUSA).  *See generally* Compl., ECF No. 1.  Each request arises out of the U.S. Attorney's Office for the District of Vermont's investigation into Aguiar "for drug trafficking using an investigative method that included wiretapping his [cellphones]."  *Id.* at 2.  Aguiar filed the requests between 2016 and 2017.  *E.g.*, FOIA Request (Apr. 27, 2016) at 1, ECF No. 14-3 at 1; FOIA Request (Mar. 17, 2017) at 1, ECF No. 14-3 at 21; FOIA Request (Mar. 20, 2017) at 1, ECF No. 14-3 at 33; FOIA Request (Apr. 10,

2017) at 1, ECF No. 14-3 at 38; FOIA Request (May 19, 2017) at 1, ECF No. 14-3 at 46.  While the government's response to each of Aguiar's requests varied, the government has submitted information showing that, after receipt of each request but prior to the filing of this lawsuit, it responded by acknowledging receipt of the request, discussing the total cost of the searches, asking Aguiar to narrow his requests, conducting narrowed searches, responding to Aguiar's request for a fee waiver, and releasing some documents.  *See* Def.'s Statement of Undisputed Material Facts ¶¶ 1–31, ECF No. 14-1.[1]  The government did, however, take additional steps after Aguiar filed his lawsuit.  *E.g.*, *id.* ¶ 14 (informing Aguiar by a letter dated February 14, 2019, that EOUSA was withholding 124 records under various FOIA exemptions); *id.* ¶ 19 (stating that "EOUSA in a letter dated June 24, 2019[,] responded to Plaintiff's request 2017-0809 indicating that 13 pages in full and 2 pages in part were provided to him"); *id.* ¶ 27 (noting that "[f]or three successive request[s] . . . , EOUSA sent Plaintiff a letter dated June 24, 2019[,] advising that it had searched for records in the USAO-VT and located over 100,000 pages of potentially responsive records").

"The district court 'may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any [FOIA] case . . . in which the complainant has substantially prevailed.'"  *Summers v. Dep't of Justice*, 569 F.3d 500, 502 (D.C. Cir. 2009) (quoting 5 U.S.C. § 552(a)(4)(E)(i)).  "[A] plaintiff could show that it 'substantially prevailed,' . . . either by pointing to a favorable action by a court (now codified in the first prong of § 552(a)(4)(E)(ii)), or through the catalyst theory (now codified in the second prong)."  *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 96 (D.C. Cir. 2020) (citation omitted).  Under the

---

[1] Aguiar does not dispute the record submitted by the government and even cites to it in support of his Motion.  *See, e.g.*, Pl.'s Mot. at 5–6.

"catalyst theory," a plaintiff has substantially prevailed "by showing that [his] lawsuit

'substantially caused the government to release the requested documents before final

judgment'"—even if the plaintiff did not receive a favorable action by the court.  *Id.* at 96

(quoting *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 524–25 (D.C. Cir.

2011)).  But under the catalyst theory, "the mere filing of the complaint and the subsequent

release of the documents is insufficient to establish causation.'"  *Id.* at 97 (quoting *Weisberg v.*

*U.S. Dep't of Justice*, 745 F.2d 1476, 1496 (D.C. Cir. 1984)).  Instead, "the plaintiff has the

burden of showing 'that it is more probable than not that the government would not have

performed the desired act absent the lawsuit.'"  *Id.* (quoting *Pub. Citizen Health Rsch. Grp. v.*

*Young*, 909 F.2d 546, 550 (D.C. Cir. 1990)).

Aguiar argues that the record "demonstrates that the [government] fully complied with

his 2016/2017 FOIA/PA requests only after he filed his complaint in late-2018."  Pl.'s Mot. at 5.

The government disagrees, arguing that it "had already produced or was producing documents to

[Aguiar] and/or contacted [Aguiar] about narrowing the scope of the requests due to the high

fees associated with them[] and did not produce more documents or change its positions on the

fees as a result of the Complaint."  Defs.' Mot. in Opp'n to Pl.'s Mot. at 3, ECF No. 24.  Aguiar

responds that the government had originally "found and withheld in 2019 124 pages of

documents but months later found more," Pl.'s Reply to Def.'s Opp'n at 2 (citation omitted), and

that "the evidence shows that the [government] was motivated to turn over or withhold

documents from [him] only after he filed his complaint," *id.*

Aguiar has not met his burden here.  To start, as Aguiar implicitly concedes, there is no

"judicial order, or an enforceable written agreement or consent decree," § 552(a)(4)(E)(ii)(I), that

compelled the government to produce documents or information it was withholding, so he cannot

succeed under FOIA's first prong.  As for whether Aguiar can satisfy the so-called catalyst

theory, the record reflects that before this suit was filed, the government had been in contact with

Aguiar about his requests, worked with him to narrow his requests, and produced some

documents.  While Aguiar is correct that the government did produce more documents and

update the numbers of documents it declared it was withholding after he filed the lawsuit, he has

not made clear how the lawsuit "substantially caused" these acts.  Most of Aguiar's assertions

appear to point to the timing of events—namely, that he filed his suit and then the government

released records.  But pointing to that timeline, without more, is insufficient to establish the

necessary causality to recover fees.  *Grand Canyon Tr.*, 947 F.3d at 97 ("[T]he mere filing of the

complaint and the subsequent release of the documents is insufficient to establish causation."

(citation omitted)).  Aguiar has therefore not met his burden to show "that it is more probable

than not that the government would not have performed the desired act"—here, producing his

requested documents—"absent the lawsuit." *Id.* (citation omitted).

Accordingly, it is hereby

**ORDERED** that the government's Motion for Summary Judgment, ECF No. 14, is

**GRANTED**.  It is further

**ORDERED** that Aguiar's Motion to Award Costs, ECF No. 22, is **DENIED**.

The Clerk of Court is **DIRECTED** to terminate the case.

It is so **ORDERED**.

DATE:  July 27, 2020

CARL J. NICHOLS
United States District Judge